**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2480
_____


MOSES LEE SMITH
also known as
TERIK WILLIAMS
also known as
TYRE SMITH

Moses Lee Smith,
Appellant

v.

ROGER BOLAVA, DEPUTY WARDEN; DR. K DEDANIA, PRIME CARE;
ST. LUKES HOSPITAL; SCI-GRATERFORD; SCI-CAMP HILL;
DR. DAVID KNEAL; DR. NATE KALTESKI; RN EMELIA CAPUTO

_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:14-cv-05753)
District Judge:  Honorable William H. Yohn, Jr.

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2015


Before:  AMBRO, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed December 11, 2015)

_____

OPINION[*]

_____

PER CURIAM

Moses Lee Smith[1] appeals pro se from the District Court's dismissal of his civil rights action brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will affirm.

Smith initiated the underlying pro se action in the District Court in October 2014 against the Northampton County Prison administration, the Northampton County prosecutor's office, the Northampton County Courts of Common Pleas, the Pennsylvania Department of Corrections, and PrimeCare Medical, Inc.—a medical contractor for the county prison. The upshot of Smith's original complaint was that, during a period of imprisonment at Northampton County Prison, he suspected his food had been intentionally contaminated, started a hunger strike in response, and then suffered an adverse medical reaction when he resumed eating. Smith also complained that he received deficient medical treatment at St. Luke's Hospital for his medical problems, and that he was improperly put on a suicide watch as a consequence of his hunger strike.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Multiple names have been used to refer to Appellant, including Moses Lee Williams, Terik Williams, Tyre Smith, and Moses Lee Smith. This opinion refers to Appellant as Moses Lee Smith.

2

The District Court dismissed that complaint sua sponte due to the Eleventh Amendment immunity of the defendants, but granted Smith leave to file an amended complaint within 30 days if Smith could state a claim against a defendant other than the Commonwealth of Pennsylvania. Smith filed an amended complaint that again named various Commonwealth entities and PrimeCare as defendants, and that added St. Luke's Hospital as a defendant. The amended complaint focused the factual allegations on the contention that the defendants' medical negligence or gross misconduct caused Smith to contract a skin disease called lichen planus, which the defendants then failed to properly diagnose and treat. The District Court dismissed the amended complaint sua sponte as well because that complaint, among other deficiencies, relied only on conclusory allegations that failed to state a claim upon which relief could be granted. Once again, the District Court granted Smith an opportunity to amend within 30 days.

Smith then filed a second amended complaint. That complaint again named St. Luke's Hospital as a defendant but also added state prisons SCI Graterford and SCI Camp Hill;[2] PrimeCare medical personnel Emilia Caputo, Kishorkumar Dedania, Nathan Kalteski, and David Neal; and Northhampton County Prison deputy warden Roger Bolava. According to the second amended complaint, in February 2011, Neal administered medication that caused an allergic reaction, and Caputo then denied him medical care for 48 hours thereafter. About two years later, on March 29, 2013, unnamed

---

[2] The District Court, correctly, dismissed the claims against these two prisons because the prisons are state entities that the Eleven Amendment immunizes from suit under these

3

prison staff at Northampton County Prison somehow allegedly poisoned Smith. Following that incident, Smith claims that deficient medical care caused him to suffer from hepatitis and then lichen planus. Also, Smith contends that Bolava and Dedania (a psychiatrist) wrongly placed him on a suicide watch.

Bolava, and the set of PrimeCare-employed defendants,[3] each moved to dismiss the second amended complaint primarily on the basis that it failed to state a claim upon which relief could be granted. Smith contested each of those two motions to dismiss. The District Court then dismissed the second amended complaint against all parties, with prejudice and without granting leave to attempt to amend the complaint a third time. This timely appeal followed.

We have jurisdiction to review the District Court's order dismissing Smith's amended complaint under 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a Rule 12(b)(6) motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted

_____

circumstances.

[3] St. Luke's Hospital did not file a motion to dismiss, but the District Court dismissed it as a party because there was no indication that it had ever been served, and because the only fact that Smith pleaded about that hospital was that he was rushed there when he

4

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We construe Smith's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and we may affirm the District Court's judgment on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Smith's allegations are potentially construable as sounding in deliberate indifference to serious medical needs, which can violate the Eighth Amendment's prohibition on cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

That said, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains a question of sound professional

suffered from what he alleges to have been a poisoning incident.

judgment." Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal alterations, quotation marks omitted). "[M]ere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (internal quotation marks omitted).

Here, Smith at most asks the courts to second-guess his medical providers' professional judgments, as his allegations admit that he was receiving some care for each condition or symptom that he mentions, rather than having had to endure a "complete denial" of medical care in any instance. See United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) ("'Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'") (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Furthermore, Smith never alleges facts that could support a conclusion that any defendant recklessly or intentionally disregarded a known risk of harm. See Giles, 571 F.3d at 330. Even considering Smith's pro se status and reading his pleadings liberally, there is not sufficient factual matter to make out the elements of a deliberate indifference claim. See Iqbal, 556 U.S. at 678.

Smith's challenge to his placement on suicide watch could also potentially be construed as attempting to set out an Eighth Amendment conditions-of-confinement claim. The Eighth Amendment requires prison officials to provide "humane conditions of confinement." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010)

6

(citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). "For an alleged deprivation to rise to the level of an Eighth Amendment violation, it must result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotations and citations omitted). Such a denial involves "the deprivation of a single, identifiable human need such as food, warmth, or exercise . . . ." Wilson v. Seiter, 501 U.S. 294, 304 (1991).

Here, the allegations concerning Smith's suicide watch do not state any facts that, if proven, would show that Smith was denied one of life's minimal necessities. At most, the facts that Smith did plead allow the potential inference that he suffered or perceived inconvenience, discomfort, and stigma due to Bolava and Dedania's decision to implement a suicide watch for Smith at Northampton County Prison. Rather than denying a human need, a suicide watch is canonically understood as protecting inmates who are vulnerable to self-harm. Cf. Colburn, 946 F.2d at 1023 (discussing Eighth Amendment liability for the failure to protect pretrial detainees from risk of suicide). Smith's pleadings thus do not state a claim based on that potential Eighth Amendment theory, either.

There remains another potential ground for relief. Although Smith has failed to state any claim under the federal constitution, we might also consider whether he has properly raised a state medical-negligence claim. But any state medical-negligence claim had to be dismissed in this case due to Smith's failure to comply with Pennsylvania law on pleading such claims. We held in Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 261-65 (3d Cir. 2011), that Pennsylvania Rule of Civil Procedure 1042.3, which

7

mandates a certificate of merit in professional-negligence claims, is substantive law under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), that the federal courts must apply as such. Here, Smith filed no such certificate. Smith's claims were thus properly dismissed to the extent he intended to file professional-liability claims against any of the defendants.

Finally, we agree that granting Smith leave to file yet another amended complaint would have been futile; thus, the District Court did not abuse its discretion by dismissing the second amended complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

In light of the foregoing, we will affirm the District Court's judgment.